THE OFFICE OF
MICHAEL TENENBAUM, ESQ.
1431 OCEAN AVENUE, SUITE 400
SANTA MONICA, CA 90401
TEL    (310) 919-3194
FAX    (310) 919-3727
MT@POST.HARVARD.EDU

March 3, 2016

*By ECF*

Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh St.
San Francisco, CA  94103

> Re:   Plaintiffs-Respondents' Citation of Supplemental Authority (FRAP 28(j))
> in *Ass'n des Éleveurs de Canards et d'Oies du Québec et al. v. Harris*
> (Case No. 15-55192)

Dear Ms. Dwyer:

I write to call the Court's attention to a recent decision in the case of *Del Real, LLC v. Harris*, Ninth Circuit Case No. 13-16983, filed February 12, 2016 (unpublished), a copy of which is attached.

The district court's decision in *Del Real* was cited by both sides in this appeal.  *See* OB [Dkt. 14-1] at p. 28, n.4; AB [Dkt. 26] at pp. 46-47, 60; RB [Dkt. 33] at p. 9, n.5.  That is because *Del Real* addressed the same express preemption clause that formed the basis for the district court's judgment in this case:  21 U.S.C. § 467e of the Poultry Products Inspection Act (the "PPIA"), which expressly preempts "labeling, packaging, or ingredient requirements . . . in addition to, or different than, those made under this chapter." *Id.*  The district court in *Del Real* had held that, because California's requirements concerning "slack-fill" in the packaging of poultry products (i.e., extra space between the package and the product) were "not identical" to those under the PPIA, they were preempted.  *Del Real, LLC v. Harris*, 966 F. Supp. 2d 1047, 1064 (E.D. Cal. 2013).

This Court has now unanimously affirmed that ruling.  In *Del Real*, this Court held that the California statute regulating the packaging of poultry products is expressly preempted because it is "in addition to, or different than" the general provisions under the PPIA. (Op. at 2.)  This Court reiterated its interpretation of the PPIA as "clearly show[ing] the intent of Congress to create a uniform national labeling standard." (*Id.*, citing *Rath Packing Co. v. Becker*, 530 F.2d 1295 (9th Cir. 1975).)  As this Court explained, "That same concern about uniformity applies to the packaging standards in this case and counsels against allowing the states to develop variant standards." (*Id.* at 2-3.)

Indeed, the same reasoning about "labeling" and "packaging" standards in *Rath Packing* and *Del Real* also applies to poultry product "ingredients," as to which the PPIA preempts state requirements by operation of the very same express

preemption clause.  This Court's affirmance in *Del Real* thus further supports affirmance in this case.

Thank you.

Respectfully submitted,

Michael Tenenbaum

*Counsel for Plaintiffs-Respondents Association des Éleveurs de Canards et d'Oies du Québec*

### Certification

Pursuant to Circuit Rule 28-6, according to the word count feature in Microsoft Word, the body of this letter does not exceed 350 words.

FILED

FEB 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEL REAL, LLC, a California limited liability company, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> KAMALA D. HARRIS, Attorney General, in her official capacity as California Attorney General, <br><br> Defendant - Appellant. | No. 13-16893 <br><br> D.C. No. 1:12-cv-01669-LJO-GSA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted February 8, 2016
San Francisco, California

Before: HAWKINS and MURGUIA, Circuit Judges, and BREYER,[**] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Charles R. Breyer, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

California Attorney General Kamala Harris appeals the permanent injunction barring enforcement of California's statutory prohibition against nonfunctional slack fill (i.e., empty space between a product and its packaging that serves none of a list of specified purposes) against Plaintiff Del Real, LLC, a producer of Mexican heat-and-serve meat and poultry products. We agree with the district court that, as applied to meat and poultry products, California's nonfunctional slack fill provisions, Cal. Bus. & Prof. Code §§ 12606(b), 12606.2(c), are expressly preempted by the Federal Meat Inspection Act ("FMIA") and the Poultry Products Inspection Act ("PPIA") because they are "in addition to, or different than," 21 U.S.C. §§ 467e, 678, the federal statutes' general prohibitions against containers "filled as to be misleading," *id.* §§ 453(h)(4), 458(a)(1)-(2), 601(n)(4), 610(c)-(d).

Even if, as Harris argues, the California provisions prohibit only a subset of conduct already prohibited by the FMIA or PPIA, allowing those provisions to be applied to meat and poultry products is impermissible for two reasons. First, we have previously interpreted the legislative history of the FMIA and PPIA as "clearly show[ing] the intent of Congress to create a uniform national labeling standard." *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1313 (9th Cir. 1975); *see also Nat'l Broiler Council v. Voss*, 44 F.3d 740, 744 (9th Cir. 1994). That same concern about uniformity applies to the packaging standards in this case and counsels against

2

allowing the states to develop variant standards. Second, by giving the Secretary of Agriculture the option to promulgate container fill standards, but not mandating such regulations, 21 U.S.C. §§ 457(b)(2), 607(c)(2), Congress intended to allow meat and poultry packaging to be subject to less specific regulation than other types of product packaging. When the FMIA and PPIA's express preemption clauses are read in light of Congress's concern for uniformity and a lesser level of regulation, it is unlikely that Congress intended for the states to be allowed to develop and apply a more specific standard for slack fill when the Secretary has not yet done so.

Nothing in this disposition should be read to prevent California from exercising its concurrent authority under both the FMIA and PPIA to address misleading packaging of meat and poultry products.

**AFFIRMED.**

9th Circuit Case Number(s) | 15-55192

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) 3/3/2016 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/ Michael Tenenbaum

*********************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)